# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**ARTHUR L.  STEVENSON**                                          **PETITIONER**

**V.**                              **CIVIL ACTION NO.  3:14CV943 HTW-LRA**

**RON KING**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Arthur Stevenson filed a Petition for Writ of Habeas Corpus on December 10,

2014.  Respondents filed a Motion to Dismiss asserting that the petition is barred pursuant

to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty

Act of 1996.  The Court recommends that the motion be granted for the reasons that

follow.

Stevenson was convicted of the 1974 capital murder of a deputy sheriff while

serving as a trusty in the Warren County Jail.  Following several trials, he was convicted

in the Circuit Court of Warren County, Mississippi, and sentenced to life in prison in the

custody of the Mississippi Department of Corrections.[1]  On June 10, 2010, Stevenson was

---

[1]Stevenson was tried a total of five times.  As noted by the Mississippi Supreme Court on
appeal from his last conviction:

> The first trial ended in a mistrial.  The second and third trial resulted in
> convictions and sentences of death, but both judgments were reversed on appeal.
> As the fourth trial commenced, the appellant entered a guilty plea, which was
> later invalidated by the Court, in 1996.

> The case was tried, once again, and Stevenson was convicted of capital murder,
> and sentenced to life in prison.

*Stevenson v. State*, 733 So.2d 177, 179 (Miss.  1998) *reh'g. denied* April 29, 1999.

paroled and moved to Florida, where he was supervised by the Florida Parole Commission.  On October 5, 2011, his parole was subsequently revoked for violations for prohibited use of alcohol, possession of a weapon, and making threats.

Although his underlying conviction was in the Circuit Court of Warren County, Mississippi, Stevenson filed a "Petition for Writ of Habeas Corpus and/or Motion to Show or Produce Evidence of Violation" in the Circuit Court of Rankin County, Mississippi, on January 19, 2012.  He also failed to obtain leave to file his petition from the Mississippi Supreme Court, pursuant to Miss Code Ann. § 99-39-7.[2]  The Rankin County Court dismissed the motion for post-conviction relief on July 19, 2012, pursuant to Miss Code Ann. § 99-39-1, *et seq*.  The Mississippi Court of Appeals affirmed the dismissal on August 27, 2013, finding that the Rankin County Circuit Court lacked jurisdiction to consider his petition for post-conviction relief.  *Stevenson v. Mississippi Parole Board*,  120 So.3d 467 (Miss. Ct. App.  2013).  The court of appeals's mandate issued on September 17, 2013.[3]

On September 5, 2013, Stevenson filed a "Motion for Leave to Proceed in the Trial Court for Post-Conviction Collateral Relief Act Section 99-39-7" in the Mississippi Supreme Court.  The motion was subsequently denied by the Mississippi Supreme Court

---

[2] Mississippi Code Annotated section §  99–39–7 (Supp. 2014) mandates: "Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court."

[3] ECF No. 8-7.

on December 18, 2013, and an order denying Stevenson's petition for rehearing was issued on February 4, 2014.  On December 10, 2014, Stevenson filed the instant petition for habeas relief challenging his parole revocation.[4]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion

---

[4]ECF No.  8-1– 8-12.

for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 982 So.2d 298, 290 (Miss. 1980) (citation omitted). To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99–39–5(1)(h). *See Gray v. State*, 29 So.3d 791 (Miss. Ct. App. 2009) (citing *Martin v. State*, 556 So.2d 357, 358–59 (Miss. 1990)). In this case, Stevenson's conviction became final on October 5, 2011– the date his parole was revoked. To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief on or before October 5, 2012. None of his post-conviction filings are a "properly filed" motion as contemplated by 28 U.S.C. § 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Because he did not properly file a motion for post-conviction relief challenging his parole revocation in the circuit court of his conviction prior to that date, AEDPA's one-year statute of

limitations ran uninterrupted from October 5, 2011, to October 5, 2012.  Absent statutory or equitable tolling, his federal habeas petition filed on December 10, 2014, over two years after the statute of limitations expired, is untimely.

Though not expressly stated, Stevenson asserts that his habeas petition is not barred by the statute of limitations because he challenges his parole revocation, and not his underlying conviction.  In support, Stevenson relies heavily on *dicta* from the Mississippi Supreme Court's decision in *Ragland v. State*, which noted that:

> It is a misnomer to term Ragland's action a petition for post-conviction review because he does not challenge his conviction.  He challenges the legality of his parole revocation. Ragland's attack is direct upon an administrative board's order upon which there has been no court review, not a collateral attack upon a terminated court case in which the book has been closed.  Conceivably, he could have presented a case for court review aside from the Act."

*Ragland v. State*, 586 So.2d 170, 172 (Miss. 1991).  To the extent that Stevenson is contending that his claims are not governed by the Mississippi Uniform Post-Conviction Collateral Relief Act, he is mistaken.  The *Ragland* Court went on to hold that Mississippi's Post-Conviction Relief Act specifically governs cases where, as here, a petitioner claims that his parole has been unlawfully revoked.  *See also* Miss Code Ann. § 99-39-5(1)(h).  *Stevenson*, 120 So.3d at 470.

Stevenson also cites *Ragland* for the proposition that the statute of limitations was tolled because his motion for post-conviction relief was filed in the county of his incarceration.  The *Ragland* Court acknowledged that "[o]rdinarily, a post-conviction relief motion should be filed in the circuit court of the county of conviction," but

5

ultimately remanded Ragland's post-conviction motion to the circuit court of the county of incarceration because it could be "more conveniently considered and heard" by that court. *Ragland v. State*, 586 So.2d 170, 173 (Miss. 1991). Mississippi appeals courts have since held that motions for post-conviction relief challenging parole revocations "may only be filed in the county where the person was convicted . . . and not where he is incarcerated." *Lott v. State*, 135 So.3d 229, 230 (Miss. Ct. App. 2014) (citing Miss. Code Ann. § 99–39–7 (Supp.2013) ("The motion ... shall be filed ... in the trial court...."); *Randle v. Miss. Parole Bd.*, 123 So.3d 942, 942 (Miss. Ct. App. 2013); *Nelson v. Bingham*, 116 So.3d 172, 174 Miss. Ct. App. 2013); *Maston v. State*, 768 So.2d 354, 355 (Miss. Ct. App. 2000)). Nonetheless, neither the county of conviction nor incarceration had jurisdiction over Stevenson's motion for post-conviction relief in this case because he did not obtain leave from the Mississippi Supreme Court before filing. *Stevenson*, 120 So.3d at 469.

Further, even if AEDPA's statute of limitations were tolled by the filing of the motion for post-conviction relief in the Rankin County Circuit Court, Stevenson's petition would still be untimely. Assuming *arguendo* that he was credited with statutory tolling for the pendency of his post-conviction motions, from January 19, 2012 -September 17, 2013, and from September 5, 2013- February 4, 2014, his federal habeas petition would have been due on or before November 3, 2014. The instant petition was not filed until December 10, 2014.

6

Stevenson does not assert that rare or extraordinary circumstances prevented him from filing before the expiration of the one-year statute of limitations.  *See Holland*, 130 S.Ct. at 2562.  None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

This the 9th day of July, 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE